# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | Case No. 2:22-cv-02041-JTF-tmp <br> ) <br> ) |
| **CAROLYN D. TROTTER and CIERRA J. TROTTER,** | ) <br> ) <br> ) |
| Defendants. | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant Carolyn D. Trotter's Motion to Dismiss, filed on December 30, 2022. (ECF No. 31.) On December 15, 2022, the Court held a status conference at which both parties were present. (ECF No. 29.) At this conference, the Court was told the Motion to Dismiss would be filed imminently, and informed *pro se* Defendant Cierra J. Trotter that she would have 30 days to respond to the Motion and that if no response was filed the Court would move forward on the motion. (*Id.*) As of the entry of this order, no response has been filed. For the reasons set forth below, Carolyn Trotter's Motion to Dismiss is **GRANTED.**

### I.       FACTUAL AND PROCEDURAL HISTORY

This case began with a Complaint in Interpleader against both Defendants filed by now dismissed Plaintiff Metropolitan Life Insurance Company ("MetLife") on January 26, 2022. (ECF No. 1.) Neither party objected to the narrative presented by MetLife in this Complaint and the following facts are drawn from there.

Decedent James Trotter had a life insurance policy for $100,000 that was issued by MetLife, specifically Veterans Patriot Group Term Life Insurance under the Military Benefits Association's Life Insurance Plan. (ECF No. 1, 2.) The Plan provided the right for a participant to name a beneficiary and change that beneficiary at any time with a signed and dated written request sent to MetLife. (*Id.*) James Trotter's original beneficiary was Defendant Cierra Trotter, his daughter, with a prior designation dated July 8, 2015. (*Id.*) On June 7, 2021, James Trotter changed the beneficiary of the Plan to Defendant Carolyn Trotter, his wife. (*Id.*) MetLife attached copies of the Plan and all relevant designations to the Complaint as exhibits.

On July 23, 2021, James Trotter died due to complications from a COVID-19 infection. (ECF No. 1, 3.) On July 30, 2021, MetLife received an initial claimant's statement from Carolyn Trotter making a claim on the Plan's benefits. (*Id.*) This statement was revised on September 20, 2021. (*Id.*) On August 4, 2021, MetLife received a letter from Cierra Trotter challenging Carolyn Trotter's claim. (*Id.*) The letter stated in full:

> I, Cierra J. Trotter, am requesting to contest a life insurance beneficiary. I am the daughter of Policy member, James A. Trotter . . . who has been his beneficiary since Sept. 2012. I am requesting you to investigate this policy due to a possibility of fraud and lack of mental capacity. My dad had been sick at home prior to being at Methodist South in Memphis, TN where he passed away at. . . . In the attachment is a copy of the original policy. If there are any questions, I am available at the above address, email, and numbers.

(ECF No. 1-9, 2.) The full amount of benefits contested ultimately totaled $92,150 plus interest after the two Defendants stipulated to the benefits covering James Trotter's funeral costs. (ECF No. 1, 4.) As MetLife stated in their complaint: "If the 2021 beneficiary designation naming Carolyn Trotter is valid, then 100% of the Remaining Plan Benefits would be payable to her. However, if the 2021 beneficiary designation is not valid, the effective beneficiary designation would be Decedent's 2015 beneficiary designation, which named Cierra J. Totter and 100% of the Decedent's Remaining Plan benefits would be payable to her." (*Id.*)

Both Defendants filed answers to the Complaint in Interpleader. Cierra Trotter filed a *pro se* Answer on March 9, 2022. (ECF No. 10.) The Answer stated in full: "I, Cierra Trotter, defendant and daughter of James Trotter, agrees to the summons paper. All allegations are correct to my knowledge. Thank you. Cierra Trotter." (*Id.*) Carolyn Trotter then filed her Answer on March 29, 2022. (ECF No. 11.) Carolyn Trotter did not object to the facts MetLife offered beyond preemptively disputing a possible reading of the Complaint whereby MetLife found the change in beneficiary was secured by fraud or lack of mental capacity. (*Id.* at 2.) Carolyn Trotter further sought to clarify that the record did not reflect any investigation of the claim by MetLife or any other party. (*Id.* at 3-4.) MetLife was subsequently dismissed from the case after depositing the $92,150 in funds into the Court Registry. (ECF No. 18.)

Carolyn Trotter then filed the present Motion to Dismiss for Failure to State a Claim on December 30, 2022. (ECF No. 31.) Cierra Trotter had been advised of the coming motion to dismiss and need to respond within thirty days at a prior status conference. (ECF No. 29.) In the motion, Carolyn Trotter argues that Cierra Trotter has yet to make a direct claim for the benefits at issue and has failed to assert factual matter that could sustain such a claim. She asks for Cierra Trotter's claim to be dismissed and for the funds at issue to be disbursed to her based on the valid documentation submitted by MetLife.

## II.   <u>LEGAL STANDARD</u>

When ruling on a Motion to Dismiss, courts must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales and Service, Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on

3

a motion to dismiss . . . without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). The ultimate question when considering a Motion to Dismiss is whether the complaint "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations are not the same as legal conclusions; they must be sufficient "to give notice to the defendant as to what claims are alleged," and must be sufficient to make a claim "more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). *Pro se* Plaintiffs have their pleadings judged under "less stringent standards," but such "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). "The basic pleading essentials are not abrogated in pro se cases." *Shelby v. Greystar Management Services, L.P.*, Case 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.   LEGAL ANALYSIS

The Court first acknowledges the odd procedural posture of the present motion. The motion is somewhat unclear about what is to be dismissed, as Cierra Trotter has only filed an Answer to a Complaint in Interpleader and a few supplemental notices that consist of contextless documents related to the Plan. However, the Court construes the motion as seeking to dismiss Cierra Trotter's implied crossclaim against Carolyn Trotter for fraud related to the change in beneficiary of James Trotter's benefits. Crossclaims "must be alleged in one of the

pleadings allowed under the Federal Rules, typically as part of an answer to a complaint."[1] *Ward v. J.C. Penney Co., Inc.*, No. 14-2301-STA-dkv, 2015 WL 507998, at *1 (W.D. Tenn. Feb. 6, 2015). Cierra Trotter's claim for the benefits would be a crossclaim against Carolyn Trotter due to the Complaint in Interpleader. Cierra Trotter filed an Answer to the Complaint in Interpleader that did not include a crossclaim and has not filed another pleading since that time. Therefore, Carolyn Trotter seeks to dismiss Cierra Trotter's claim for benefits due to a failure to allege any supporting factual matter the claim under Rule 12(b)(6).

The Court agrees that the claim must be dismissed. As of now, Cierra Trotter has not truly asserted a claim against Carolyn Trotter. Her Answer agrees with the facts as set forth by MetLife, which include the fact that Cierra Trotter alleged it was possible the change in beneficiary was accomplished through fraud and lack of mental capacity in a letter to MetLife. (ECF No. 1-9.) However, this does not allege any specific facts regarding the change in beneficiary and is merely a suggestion that a certain legal conclusion may be possible. The standard to state a claim is higher and requires specific facts that make a claim plausible rather than merely possible. *Fritz*, 592 F.3d at 722. Cierra Trotter has alleged no facts at all. While the Court acknowledges Cierra Trotter's *pro se* status, she was warned of the need to respond to the Motion within 30 days, and where "a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim*, 92 F.3d at 416. Without a response, and without any further pleadings, the Court is left without anything to construe, and may not "conjure up questions never squarely presented . . . or [] construct full-blown claims from sentence fragments." *Thomas v. Brennan*, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio Jun. 26, 2018)

---

[1] These include a "(1) complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 13(g).

(citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). The Court must grant Carolyn Trotter's motion, as Cierra Trotter has not asserted any facts on which her claim could be based.

## IV. CONCLUSION

For the reasons above, Carolyn Trotter's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED** on this the 2nd day of May, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE